**FILED**
**SEPTEMBER 21, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ELIJIO SANCHEZ, PRO SE, § | | |
| TDCJ-CID No. 309155, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:09-CV-0237 | |
| § | | |
| JOHN ADAMS, PAUL SLOAN, and § | | |
| JAMIE BAKER, § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

Plaintiff ELIJIO SANCHEZ, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims he "was revoked mandatory supervision, because of being alleged in a [sic] unauthorized locations [sic]." Plaintiff has attached, in relevant part, a copy of his Revocation Hearing Report and his Hearing Report Processing Sheet.

Plaintiff claims defendant ADAMS, Senior Warden at the Clements Unit, "convicted the plaintiff, illegally and is unlawful confined." Plaintiff sues defendant SLOAN, Assistant Warden, for "abuse of discretion under color of law." Lastly, plaintiff claims defendant BAKER "conspire [sic] with state under the color of law."

Plaintiff requests "to be credited with the time, [he] spent released the (mid-point), an unspecified "declaratory injunction", and monetary and punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

To the extent plaintiff is requesting credit for any time spent on mandatory supervised release, that claim is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973).

As to plaintiff's other claims for unspecified declaratory or injunctive relief and for monetary relief, all are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129

---

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

L.Ed.2d 383 (1994), because a grant of any such relief would imply the invalidity of plaintiff's present and/or future incarceration, falling within the exclusive domain of habeas. *Wilkinson v. Dotson*, 544 U.S. 74, 80-81, 125 S.Ct. 1242, 1247, 161 L.Ed.2d 253 (2005). Thus, plaintiff's claims for unspecified declaratory or injunctive relief and for monetary relief lack an arguable basis in law and are frivolous until the *Heck* conditions have been met[3].

Plaintiff has alleged no fact to support any of his vague and conclusory claims against the named defendants and has, therefore, also failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff ELIJIO SANCHEZ be DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET[4], AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

---

[3]Plaintiff recently brought these exact claims before this Court in a habeas action, cause no. 2:08-CV0015.

[5]*Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

3

Recommendation to each party by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this 21st day of September, 2009.


                                          CLINTON E. AVERITTE
                                          UNITED STATES MAGISTRATE JUDGE


### \* **<u>NOTICE OF RIGHT TO OBJECT</u>** \*

      Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).